

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Sidney L. Christie Federal Building*
*and United States Courthouse*
*845 Fifth Avenue, Room 209*
*Huntington, WV 25701*

*Mailing Address*
*Post Office Box 1239*
*Huntington, WV 25714*
*304-529-5799*
*FAX: 304-529-5545*

FILED
APR 24 2012
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

April 24, 2012

W. Michael Frazier, Esquire
Frazier & Oxley
Post Office Box 2808
Huntington, West Virginia 25727

      Re:  United States v. Devon Patterson,
           also known as "Sosa"
           <u>Criminal No. 3:11-00083-2 (USDC SDWV)</u>

Dear Mr. Frazier:

     This will confirm our conversations with regard to your client, Devon Patterson, also known as "Sosa" (hereinafter "Mr. Patterson"). As a result of these conversations, it is agreed by and between the United States and Mr. Patterson as follows:

     1.  **PENDING CHARGES.** Mr. Patterson is charged in a one-count indictment with a violation of 21 U.S.C. § 846 (conspiracy to distribute oxycodone, also known as "OxyContin").

     2.  **RESOLUTION OF CHARGES.** Mr. Patterson will plead guilty to said indictment, which charges him with a violation of 21 U.S.C. § 846.

     3.  **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Patterson will be exposed by virtue of this guilty plea is as follows:

     (a)  Imprisonment for a period of up to 20 years;

     (b)  A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

     (c)  A term of supervised release of 3 years;

D.P
Defendant's initials

W. Michael Frazier, Esquire
April 24, 2012
Page 2                                    Re:   Devon Patterson

    (d)   A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

    (e)   Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Patterson for a period of 5 years; and

    (f)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

    4.   **SPECIAL ASSESSMENT.** Mr. Patterson has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Patterson agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5.   **PAYMENT OF MONETARY PENALTIES.** Mr. Patterson agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Patterson further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    6.   **COOPERATION.** Mr. Patterson will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Patterson may have counsel present except when appearing before a grand jury.

    7.   **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Patterson, and except as expressly provided for in paragraph 9 below, nothing contained in any statement or testimony provided by him pursuant to this

D.P<br>Defendant's<br>initials

W. Michael Frazier, Esquire
April 24, 2012
Page 3                              Re:   Devon Patterson

agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Patterson for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Patterson for perjury or false statement if such a situation should occur pursuant to this agreement.

9. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Patterson stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Patterson agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried on any of the charges in the Indictment, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of him or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Patterson knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Patterson understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

D. P
Defendant's initials

W. Michael Frazier, Esquire
April 24, 2012
Page 4                                    Re:  Devon Patterson

10. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Patterson agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Indictment:

USSG §2D1.1

Base offense level                                          28

Adjusted Offense Level                                      28

The United States and Mr. Patterson acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

11. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 10 above. Nonetheless, Mr. Patterson knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 28. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 25.

Mr. Patterson also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any

D.P
Defendant's
initials

W. Michael Frazier, Esquire
April 24, 2012
Page 5                                    Re:   Devon Patterson

collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

12.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Patterson knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

13.  **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Mr. Patterson;

(f) Advise the Court concerning the nature and extent of Mr. Patterson's cooperation; and

(g) Address the Court regarding the issue of Mr. Patterson's acceptance of responsibility.

_D.P_
Defendant's initials

W. Michael Frazier, Esquire
April 24, 2012
Page 6                                          Re:  Devon Patterson

14. **VOIDING OF AGREEMENT.** If either the United States or Mr. Patterson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

15. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Patterson in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Patterson in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

                                R. BOOTH GOODWIN II
                                United States Attorney

                         By:    *[signature]*
                                JOHN J. FRAIL
                                Assistant United States Attorney

JJF/slk

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this six-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

*[signature]*                                           4-24-2012
DEVON PATTERSON                                         Date Signed
Defendant

*[signature]*                                           4/24/12
W. MICHAEL FRAZIER, ESQUIRE                             Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                            CRIMINAL NO. 3:11-00083-2

DEVON PATTERSON,
   also known as "Sosa"

## STIPULATION OF FACTS

The United States and Devon Patterson, also known as "Sosa" (hereinafter "defendant") stipulate and agree that the facts comprising the offense of conviction in the Indictment include the following:

Between July 2009, and early October 2009, defendant made regular monthly trips from Detroit, Michigan, to a residence in Teays Valley, Putnam County, West Virginia, within the Southern District of West Virginia, bringing with him a quantity of oxycodone 80mg. pills on each trip. Once at the Teays Valley residence, the pills were sold by several people including Bret Riggan in locations at or near Teays Valley. Defendant provided the pills to Riggan and others on the front. The money from the sale of the oxycodone 80 mg. pills was then transported back to Detroit by defendant, or was wired back via Western Union by one of the local residents responsible for distributing the pills. Defendant stopped the regular trips to West Virginia in October 2009.

**"PLEA AGREEMENT EXHIBIT A"**

This Stipulation of Facts does not contain each and every fact known to Mr. Patterson and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment, and is set forth for the limited purpose of establishing a factual basis for the defendant's guilty plea.

Stipulated and agreed to:

_____   4-24-2012
DEVON PATTERSON                   Date
Defendant

_____   4/24/12
W. MICHAEL FRAZIER, ESQUIRE       Date
Counsel for Defendant

_____   4/24/12
JOHN J. FRAIL                     Date
Assistant United States Attorney